UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHIRLEY JAY McGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 09-40120-FDS |
| ADRIANA CARRILLO, M.D., et al., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER ON
# DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is an action by plaintiff Shirley Jay McGee, an inmate now confined at NCCI Gardner, against various prison and health-care provider defendants. The present defendants are (1) Jesse Hammon, a physician assistant; (2) Dr. Adriana Carrillo, a medical doctor; (3) Correctional Officer Jean Grincewicz; (4) James Saba, Superintendent of NCCI Gardner; (5) Paul Oxford; (6) Carole Martin, a nurse; (7) Gene Chaisson, a nurse; (8) Correctional Officer David Seipold; and (9) Correctional Officer David Anderson. (*See* Amend. Compl. Case Caption, ¶¶ 2-19).

Pending before this Court is the motion of defendant Adriana Carrillo to dismiss Count 15, which alleges a claim of medical malpractice against her. (*See* Amend. Compl., ¶ 129).

**I.    Background**

On January 13, 2011, this Court referred this case to a medical malpractice tribunal pursuant to Mass. Gen. Laws ch. 231 § 60B, as to the claims against defendants Adriana

Carrillo, M.D.; Jesse Hammon; Gene Chaisson; and Carole Martin, all of whom are medical providers. On May 3, 2011, pursuant to that order, a tribunal convened in the Worcester Superior Court ruled that the evidence was insufficient to raise a legitimate question of liability appropriate for judicial inquiry. (State Court Records, Document 88-1, at 5-8). Accordingly, by operation of statute, plaintiff was required post a $6,000 bond if he wished to pursue the matter. Mass. Gen. Laws ch. 231 § 60B. McGee did not post a bond or file a motion to reduce the amount of the bond. On October 4, 2011, defendant Carrillo moved to dismiss pursuant to Mass. Gen. Laws c. 231 § 60B. Plaintiff did not respond to the motion.

## II. Analysis

As a result of the finding by the medical malpractice tribunal for the defendants, plaintiff may only pursue his treatment-related claims if he posts a $6,000 bond. Mass. Gen. Laws ch. 231 § 60B.[1] If plaintiff does not post the bond within 30 days, this Court is required to dismiss those claims with prejudice. *Id.*; *Brace v. Massachusetts*, 673 F. Supp. 2d 36, 39 (D. Mass. 2009) (quoting *Farese v. Connolly*, 422 Mass. 1010, 1010 (1996)).

Plaintiff did not post a bond or file a motion to reduce the bond amount.[2] Therefore, pursuant to Mass. Gen. Laws ch. 231 § 60B, plaintiff's claim in Count 15 of medical malpractice against defendant Adriana Carrillo, M.D. is dismissed with prejudice.

The complaint also asserts a claim of intentional infliction of emotional distress and

---

[1] Chapter 231, § 60B allows plaintiff to file a motion requesting that the Court determine that he was indigent and reduce the amount of the bond. However, this Court is not permitted to eliminate the requirement that plaintiff pay a bond in order to pursue his claim. Mass. Gen. Laws c. 231 § 60B.

[2] On August 12, 2011, plaintiff wrote this Court a letter, stating he had not yet heard the disposition of the medical malpractice tribunal and explaining generally that he opposed any motions other than one setting a trial date. (Document 87, at 2). The tribunal's determination was docketed with this Court on September 21, 2011. Even construed liberally, plaintiff's letter was not a motion, much less a motion under § 60B for this Court to determine that he is indigent and that the bond amount should be reduced.

2

claims under 42 U.S.C. §1983 and Mass. Gen. Laws ch. 12, §§11H and 11I alleging that plaintiff's constitutional rights were violated by defendants Carrillo, Hammon, Chaisson, and Martin.[3] While only defendant Carrillo has moved to dismiss as to the medical malpractice claim, to the extent that any of the claims rest on the medical treatment defendants provided to plaintiff, they must likewise be dismissed with prejudice. *See Brace v. Massachusetts*, 673 F. Supp. 2d 36, 39, 41 (D. Mass. 2009); *Little v. Rosenthal*, 376 Mass. 573, 576 (1978); Mass. Gen. Laws ch. 231 § 60B.

The question then becomes whether any claims against the medical-care providers remain. At least one court in the District of Massachusetts has held that it is possible that a defendant who is not liable for medical malpractice in his or her capacity as a prison medical provider may nonetheless be liable under §1983 as a prison official. *Brace*, 673 F. Supp. 2d at 41-42. Similarly, a defendant may be liable for intentional infliction of emotional distress when the claim is based on actions separate from a plaintiff's medical treatment. *See Segal v. First Psychiatric Planners, Inc.*, 68 Mass. App. Ct. 709, 713-14 (2007).

Counts 2, 3, 5, 8, and 16 allege generally that the actions of one or more of the defendants violated plaintiff's constitutional and legal rights.[4] The complaint is unclear as to the

---

[3] Although Counts 2, 3, 4, and 5 purport to be brought under the First, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, it is §1983 that provides the statutory vehicle for a plaintiff to bring a claim for a constitutional tort. "A person may recover damages [under §1983] from a state or local official who, while acting under color of state law, commits a constitutional tort." *Wilson v. Town of Mendon*, 294 F.3d 1, 6 (1st Cir. 2002).

[4] Specifically, Count 2 alleges that all defendants violated plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. (Amend. Compl. ¶ 117). Count 3 alleges that all defendants violated plaintiff's rights secured by the Due Process Clauses of the Fifth and Fourteenth Amendments. (Amend. Compl. ¶ 118). Count 5 alleges that defendant Carrillo violated plaintiff's First Amendment rights by unlawfully retaliating against him for filing a grievance. (Amend. Compl. ¶ 120). Count 8 alleges that all defendants violated plaintiff's rights under Mass. Gen. Laws ch. 12, §§11H and 11I. (Amend. Compl. ¶ 123). Count 16 alleges that all defendants are liable for intentional infliction of emotional distress. (Amend. Compl. ¶ 130).

bases of these claims.  Most of the facts alleged as to these four defendants relate to plaintiff's medical care, and the complaint does not specify how these factual allegations relate to the causes of action.  Thus, this Court cannot make a determination as to whether these claims rest on actions of the defendants apart from any acts or omissions concerning medical treatment.  Similarly, Count 4 alleges that defendants were "deliberately indifferent" in violation of the Eighth Amendment due to their "failure to adequately treat plaintiff['s] injured shoulder." (Amend. Compl. ¶ 119).  On its face, this appears to make out a claim related only to medical treatment.  Accordingly, those counts will be dismissed unless plaintiff submits a more definite statement alleging claims that do not arise out of his medical treatment.  *See* Fed. R. Civ. Pro. 12(e); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006) (holding plaintiffs' failure to connect their causes of action to the facts alleged required order that plaintiffs replead under Rule 12(e)).

### III.     Conclusion

For the foregoing reasons, the motion of defendant Adriana Carrillo to dismiss Count 15 with prejudice is GRANTED.  Counts 2, 3, 4, 5, 8, and 16 are dismissed with prejudice as to defendants Adriana Carrillo, Jesse Hammon, Gene Chaisson, and Carole Martin to the extent that those claims arise out of any medical treatment of plaintiff.  Those claims will be dismissed in their entirety within 21 days unless plaintiff files a more definite statement under Fed. R. Civ. P. 12(e) explaining in detail the reasons why those claims, or any part of them, do not arise out of any medical treatment provided to plaintiff.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated: November 3, 2011